George K. Jawlakian (SBN 296692)
George@lawjlg.com
JAWLAKIAN LAW GROUP APC
16130 Ventura Blvd., Suite 550
Encino, California 91436
Telephone: (213) 805-6500
Facsimile: (844) 633-2467

Attorneys for Plaintiff
*Theodor Rossi*

Scott J. Witlin (SBN 137413)
Joel R. Meyer (SBN 247620)
Serj Daniel (SBN 305760)
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Attorneys for Defendant
*SEA Electric, LLC*

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THEODORE ROSSI, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SEA ELECTRIC, LLC., a Delaware corporation; and DOES 1 through 25, Inclusive,<br><br>　　　　Defendant. | **CASE NO. 2:23-cv-05828-CAS-BFM**<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference: 09/25/2023<br>Time:　　　　　　　　　11:00 a.m.<br>Courtroom:　　　　　　8D<br>Complaint Filed:　　　　06/13/2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Theodore Rossi ("Plaintiff") and Defendant SEA Electric, LLC ("Defendant") (Plaintiff and Defendant are jointly referred to herein as the "Parties"), by and through their respective counsel of record, met and conferred pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedures ("FRCP"), Local Rule 26-1, and the Court's Orders, and hereby jointly submit the following Joint 26(f) Report:

## I.  Statement of the Case

**Plaintiff:** Plaintiff alleges that Defendant has failed to pay wages and commissions owed to Plaintiff, despite Plaintiff's multiple attempts to rectify the Defendant's failure to properly compensate Plaintiff and adhere to the agreed upon commission structure. During that time period, Plaintiff was also advised by Defendant's Vice President of Sales and Marketing, Plaintiff should not worry should not worry about how to figure out if he is being paid what he is owed and instead should focus on selling more SEA Electric products. Due to Defendant's failure to provide proper wage and commission statements reflecting the correct amount of compensation earned, Plaintiff has been unable to determine the exact amount of commission owed to him. Furthermore, Plaintiff had on multiple occasions, requested enrollment into the company's 401(K) benefit plan, but was not permitted to participate in the said plan. On or around August 10, 2023, Defendant terminated Plaintiff and failed to compensate for commissions, wages, and benefits owed to Plaintiff, thereby failing to fulfill the contract agreement between parties. Furthermore, Defendant has employed misleading tactics and misrepresentations that were fraudulent and unfair business practices which harmed Plaintiff.

**Defendant:**

Founded in 2012, SEA Electric offers all-electric power-systems where customers are able to select their choice of a new cab chassis from their preferred Original Equipment Manufacturer. SEA Electric will then retrofit their selected SEA-Drive® platform to deliver the final electric powered product.  SEA Electric launched its first model in 2017

and has since released several medium & heavy-duty commercial electric vehicles including delivery trucks, garbage trucks, tipper trucks, tilt tray trucks, reefer trucks, cherry picker trucks, school buses, shuttle buses, cargo vans & passenger vans. SEA Electric relies on its sales team to engage customers. Rossi was one such individual on SEA Electric's sales team.

On or about March 23, 2021, Rossi and SEA Electric entered into an employment agreement wherein Rossi would serve as a SEA Electric Strategic Accounts Manager ("Employment Agreement"). The Employment Agreement afforded Rossi an annual base salary of $120,000 plus a commission if certain conditions are satisfied. Rossi does not dispute that he has received his full salary. Rather, he contends that he was not paid commissions. However, despite his allegations, Plaintiff was paid everything he was entitled to.

## II.   Subject Matter Jurisdiction

Defendant removed this action to federal court pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the Parties and on the amount in controversy, which exceeds $75,000.

## III.   Legal Issues

Plaintiff's description of key legal issues are:

1. Whether Defendant failed to pay wages pursuant to California Labor Code §204.1;
2. Whether Defendant failed to furnish accurate wage statements pursuant to California Labor Code §226;
3. Whether Defendant failed to timely furnish accurate wage statements pursuant to California Labor Code §226(c);
4. Whether Defendant breached a valid and enforceable employment contract;
5. Whether Defendant violated Unfair Competition Laws pursuant to California

Business and Professions Code §17200; and

6. Whether Defendant engaged in unfair competition through acts that are unlawful, unfair, or fraudulent pursuant to Business and Professions Code §17200.

## IV. Parties, Evidence, Etc.

### A. Parties

The current parties in this matter are Plaintiff and Defendant. All known parties have been named.

### B. Non-Party Witnesses

The Parties are not yet in a position to provide a complete list of witnesses.

### C. Corporate Entities for the Purpose of Conflicts

SEA Electric, LLC. is a wholly owned subsidiary of SEA Electric PTY LTD, an Australian Company, registered in Victoria, Australia. SEA Electric PTY LTD is a private wholly owned company limited by shares.

### D. Key Documents

Plaintiff: Plaintiff submits that the key documents and evidence in the case will include, plaintiff's personnel, payroll and other employment records maintained by Defendant concerning Plaintiff's employment; documents and communications pertaining to vehicle sales orders procured by Plaintiff; communications between Plaintiff and Defendant, and between Defendant's agents about Plaintiff; Defendant's employee handbook and other policies and procedures in effect during Plaintiff's employment with Defendant; and other relevant records reflecting Plaintiff's damages.

Defendant: Defendant believes that the nature and scope of the alleged causes of action require discovery including information relating to:

- The Employment Agreement and any non-privileged documents relating to same;
- Plaintiff's non-privileged documents and communications regarding client agreements allegedly procured by Rossi;
- Plaintiff's non-privileged documents and communications regarding the delivery of vehicles to customers through agreements allegedly procured by Rossi;
- Documents regarding compensation Rossi received from SEA Electric;
- Documents supporting the allegations in Rossi's complaint; and Documents relating to Rossi's lack of entitlement to commissions.

## V. Damages

**Plaintiff:** Plaintiff seeks: (1) special damages in an amount according to proof; (2) general damages in an amount according to proof; (3) punitive damages; (4) interest at the prevailing legal rate, as permitted by law; (5) attorney's fees; and (6) costs of suit.

**Defendant:** Plaintiff has not been damaged.

## VI. Insurance

Based on its understanding of Plaintiff's claims, Defendant currently believes it does have applicable insurance.

## VII. Procedural Motions

Neither party intends on filing any procedural motions at this time.

## VIII. Dispositive Motions

**Plaintiff:** Plaintiff does not intend on filing any dispositive motions at this time. Plaintiff also reserves the right to file discovery motions.

**Defendant:** Defendant intends on bringing a motion for summary judgment and/or

adjudication at the appropriate time.

## IX. Manual for Complex Litigation

The Parties agree that the Manual for Complex Litigation should not be utilized in this action.

## X. Status of Discovery

The Parties agree that they will serve initial disclosures on or before October 2, 2023. No other discovery has been completed as of this time.

## XI. Discovery Plan

### A. Changes to Disclosures

Pursuant to FRCP 26(f)(3), the Parties represent that no changes should be made in the timing, form, or requirement for disclosures under FRCP 26(a), except for the exchange of initial disclosures by October 2, 2023, as set forth in section X above.

### B. Subjects of Discovery

Plaintiff: Plaintiff intends to propound interrogatories and requests for production of documents to obtain necessary information and documents regarding Defendant's policies, procedures, and/or practices pertaining to wage payouts, its internal communications pertaining to Plaintiff's wage/commission and 401(k) requests, its internal performance reviews of Plaintiff, as well as Plaintiff's termination, among other subjects pertinent to Plaintiff's claims. Plaintiff also intends to take the depositions of Defendant's employee(s) of managerial and/or supervisory capacity, Defendant's Human Resources employee(s), as well as Defendant's prior and current General Counsel, to obtain necessary information regarding the subject area discussed immediately above. Plaintiff anticipates taking the depositions of any expert witnesses designated by Defendant. Plaintiff reserves the right to conduct any further discovery it deems necessary in accordance with all applicable discovery rules and cut-offs.

Defendant: Defendant intends to serve written discovery on all relevant issues including those identified by Defendant above. Defendant will also depose Plaintiff and potentially other witnesses identified by Plaintiff.

### C. Limits to Discovery

As of the present time, the Parties do not foresee the need for discovery to be conducted in phases or be limited or focused on particular issues. The parties do not foresee that any issues are likely to arise regarding the disclosure of electronically stored information at the present time. Further, the Parties are unaware at this time of any claims of privilege or protection of trial preparation materials, beyond their general, mutual assertion that their own communications with their clients are protected from disclosure. The Parties may agree to enter into a protective order for the production of confidential, proprietary, and/or private information if it becomes necessary. No limitations on discovery should be imposed under either FRCP or the Local Rules at the present time. The parties agree that electronically stored information (ESI), shall be produced in PDF format unless otherwise a party requests the document be produced in native format.

### D. Other Orders

The Parties are not aware of any other orders the Court should issue under FRCP 26 or 16 as of this time.

## XII. Discovery Cut-Off

The Parties provide a schedule of proposed deadlines in Exhibit A.

## XIII. Expert Discovery

The Parties provide a schedule of proposed deadlines in Exhibit A.

///

### XIV. Settlement Conference/Alternative Dispute Resolution

Pursuant to Local Rule 16-15.4(2), although the parties may eventually agree to attend private mediation, at this time, the Parties select ADR Procedure No. 1 wherein the will participate in a settlement conference.

### XV. Trial Estimate

Plaintiff: Plaintiff estimates that the trial will take approximately 3-5 court days. Plaintiff, anticipates calling approximately 3-5 witnesses.

Defendant: Defendant estimates calling 2-5 witnesses.

### XVI. Trial Counsel

Plaintiff: Trial counsel and lead counsel for Plaintiff will George K. Jawlakian.

Defendant: Joel Meyer will serve as Defendant's lead counsel.

### XVII. Independent Expert or Master

The Parties agree that appointment of an independent expert or master is not necessary in this action.

### XVIII. Schedule Worksheet

A completed version of the Schedule of Pretrial and Trial Dates form is attached to this report as Exhibit A.

### XIX. Other Issues

The Parties do not anticipate any other issues at this time.

//
//

Dated: September 13, 2023

Respectfully submitted,

JAWLAKIAN LAW GROUP APC

By: /s/ George K. Jawlakian
George K. Jawlakian
Attorneys for Plaintiff
THEODORE ROSSI

Dated: September 13, 2023

BARNES & THORNBURG LLP

By: /s/ Joel Meyer

Attorneys for Defendant
SEA ELECTRIC, LLC.

# EXHIBIT A

## JUDGE CHRISTINA A. SNYDER
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

**Case No. 2:23-cv-05828-CAS-BFM**   **Case Name: Theodore Rossi v. SEA Electric LLC.**

| Trial and Final Pretrial Conference Dates | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|
| Check one: [X] Jury Trial or [ ] Court Trial **(Within 18 months after Complaint filed)** Estimated Duration: 3-5 Days | 12/02/2024 | Same | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine **(*Monday* at 11:00 a.m., at least 18 days before trial)** | 11/04/2024 | Same | |

| Event *Note*: Hearings shall be on Monday at 10:00 A.M. Other dates can be any day of the week. | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to **Hear** Motion to Amend Pleadings/Add Parties *[Monday]* | | 12/04/2023 | Same | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 09/18/2024 | Same | |
| Expert Disclosure (Initial) | | 09/04/2024 | Same | |
| Expert Disclosure (Rebuttal) | | 10/04/2024 | Same | |
| Expert Discovery Cut-Off | | 10/18/2024 | Same | |
| Last Date to **Hear** Motions *[Monday]* <br> • Rule 56 Motion due at least 5 weeks before hearing <br> • Opposition due 2 weeks after Motion is filed <br> • Reply due 1 week after Opposition is filed | 12 | 09/26/2024 | Same | |
| Deadline to Complete Settlement Conference [L.R. 16-15] **Select one**: [x] 1. Magistrate Judge (with *Court* approval) <br> [ ] 2. Court's Mediation Panel <br> [ ] 3. Private Mediation | 10 | 10/28/2024 | Same | [ ] 1, Mag, J [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** <br> • Motions in Limine <br> • Memorandum of Contentions of Fact and Law [L.R.16-4] <br> • Witness Lists [L.R. 16-5] <br> • Joint Exhibit List [L.R. 16-6.1] <br> • Joint Status Report Regarding Settlement <br> • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* <br> • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 10/28/2024 | Same | |
| **Trial Filings (second round)** <br> • Opposition to Motion in Limine <br> • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br> • Joint/Agreed Proposed Jury Instructions *(jury trial only)* <br> • Disputed Proposed Jury Instructions *(jury trial only)* <br> • Joint Proposed Verdict Forms *(jury trial only)* <br> • Joint Proposed Statement of the Case *(jury trial only)* <br> • Proposed Additional Voir Dire Questions, if any *(jury trial only)* <br> • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 11/04/2024 | Same | |